UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THERESA FRANK,

        Plaintiff,                                  Hon. Paul L. Maloney

v.                                                      Case No. 1:14-CV-501

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.


## STANDARD OF REVIEW

        The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security

case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 36 years of age on her alleged disability onset date. (Tr. 167). She successfully completed high school and worked previously as a property manager, customer service representative, and order filler. (Tr. 87). Plaintiff applied for benefits on September 20, 2011, alleging that she had been disabled since September 19, 2011, due to "crippling of the hips," obesity, costochondritis, leg pain, and "arthritis along [the] spine." (Tr. 167-68, 203). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 68-166). On October 11, 2012, Plaintiff appeared before ALJ Susan Wakshul with testimony being offered by Plaintiff and a vocational expert. (Tr. 17-67). In a written decision dated November 16, 2012, the ALJ determined that Plaintiff was not disabled. (Tr. 79-89). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-5). Plaintiff subsequently initiated this pro se action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) degenerative disc disease; (2) ankle weakness; (3) headaches; (4) obesity; and (5) depression, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 81-83). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

limitations: (1) she can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolding; (2) she can occasionally balance, stoop, crouch, crawl, and kneel; (3) she can occasionally be exposed to heat, humidity, environmental irritants, or extremes in temperature, but she should avoid heights; (4) she is limited to simple, routine, and repetitive tasks; and (5) she requires a sit/stand option. (Tr. 83).

The ALJ determined that Plaintiff could not perform her past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 28,000 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 59-63). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274

(6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). Accordingly, the ALJ denied Plaintiff's claim for benefits.

I.        **Plaintiff is Not Entitled to a Sentence Six Remand**

As part of her request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence which was not presented to the ALJ. (Tr. 1-5, 227-40, 354-428). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. This Court, however, is precluded from considering such material. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

While Plaintiff has requested that the Court remand this matter for consideration of the evidence in question, she has failed to articulate good cause for her failure to present the evidence to the ALJ. Plaintiff argues that "the evidence could not have been available to the Plaintiff unless an impossible standard of 'you should have had insurance' is imposed." (Dkt. #13 at Page ID#483). This argument falls short. Plaintiff overlooks the fact that much of the evidence in question predates the ALJ's decision. Thus, Plaintiff's alleged lack of insurance has nothing to do with her failure to timely submit the evidence in question to the ALJ. Moreover, the record reveals that Plaintiff was able to obtain treatment during the relevant time period in the absence of medical insurance. Thus, Plaintiff has failed to demonstrate that there exists good cause for her failure to timely present the evidence in question to the ALJ. As for whether it is reasonable to conclude that the ALJ would have reached a different result if the evidence in question had been considered, Plaintiff offers absolutely no argument. Even if such an argument had been advanced, it would not carry the day as a review of the evidence in question compels the conclusion that consideration of such would not reasonably have produced a different result. Accordingly, the Court cannot consider this evidence and there exists no basis for remanding the matter for consideration of such.

**II.     Treating Physician Opinions**

Plaintiff argues that the ALJ failed to afford sufficient weight to the opinions offered by her treating physician. While not entirely clear from Plaintiff's pleadings, it appears that Plaintiff is challenging the ALJ's decision to afford less than controlling weight to the opinions offered by Dr. Chris Zielinski and a Physician's Assistant, David Barrey, who apparently worked with Dr. Zielinski.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v.*

8

*Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)).  Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment.  *Gayheart*, 710 F.3d at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such.  *Id.* at 376.  In doing so, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors.  *Id.* (citing 20 C.F.R. § 404.1527).  While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment.  *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

On March 1, 2012, Dr. Zielinski completed a one-page "Functional Capacity Questionnaire."  (Tr. 277).  The doctor reported that during an 8-hour workday, Plaintiff can sit for 0-2 hours and stand/walk for 3 hours.  (Tr. 277).  The doctor reported that Plaintiff can occasionally lift/carry less than 10 pounds, rarely lift/carry 10 pounds, and never lift/carry 20 pounds.  (Tr. 277).  The doctor reported that Plaintiff can occasionally engage in fingering, grasping, and handling activities, but can rarely stoop, bend, or crouch.  (Tr. 277).  Finally, the doctor reported that Plaintiff's "experience of pain" would "frequently" preclude her from performing "even simple work tasks."  (Tr. 277).  On April 16, 2012, Physician's Assistant Berrey completed a similar form in which he concluded that Plaintiff experienced almost identical functional limitations.  (Tr. 278-82).

9

The ALJ articulated several reasons to support his decision to afford little weight to these opinions. The ALJ first noted that the opinions in question are inconsistent with the contemporaneous treatment notes authored by Zielinski and Berrey. (Tr. 85). A review of these treatment notes reveals that Zielinski and Berrey consistently reported minimal findings on examination thus undermining their subsequent opinions. (Tr. 277-83, 298-316). The ALJ next observed that the objective medical evidence failed to support the opinions in question. (Tr. 85). This conclusion is also supported by the record. An MRI of Plaintiff's lumbar spine revealed a "tiny" disc extrusion with "no significant spinal canal narrowing" and "mild" degenerative disease at L5-S1. (Tr. 260-61).

The ALJ also noted that Plaintiff had undergone "rather conservative treatment" which was inconsistent with the extreme limitations articulated by Zielinski and Berrey. (Tr. 85). Plaintiff appears to counter this latter conclusion with an argument that she lacked the resources to obtain aggressive medical treatment. This argument falls short. First, Plaintiff cites to no authority supporting the proposition that her alleged inability to obtain treatment constitutes affirmative evidence in support of her claim for benefits. To the contrary, as the Sixth Circuit has stated, "it is doubtless true that a more affluent patient might have obtained a more detailed medical record, but it does not necessarily follow that such a record would have compelled the conclusion that the claimant was disabled." *Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). As the *Gooch* court observed, "we must work with the record we have." *Id.* In this regard, the Court notes that the present record does not indicate that Plaintiff ever required anything more than conservative treatment. In sum, the ALJ's rationale for discounting the opinions expressed by Dr. Zielinski and Physician's Assistant Berrey is supported by substantial evidence.

**III.         Social Workers' Observations**

On July 9, 2012, Plaintiff participated in an initial assessment at the Family Outreach Center conducted by two social workers. (Tr. 348-53). Plaintiff reported that she experienced sexual abuse in the past and was presently experiencing marital difficulties. (Tr. 348-49). The results of a mental status examination were unremarkable. (Tr. 350-51). Plaintiff was diagnosed with major depressive disorder and post-traumatic stress disorder. (Tr. 351-52). Her GAF score was rated as 34.[2] (Tr. 352). The social workers concluded that Plaintiff's needs could be adequately addressed in an outpatient setting. (Tr. 352). A treatment plan was then crafted for Plaintiff which consisted of outpatient therapy, engaging in daily physical activity, spending time with her daughter, and maintaining a personal journal. (Tr. 290-91). Plaintiff argues that the ALJ improperly assessed the social workers' opinions. The Court is not persuaded.

The ALJ considered the social worker's observations, but noted that aside from their assessment of Plaintiff's GAF score, their observations were not inconsistent with her RFC determination. (Tr. 85-86). As the ALJ observed, the results of a mental status examination were unremarkable and the social workers concluded that Plaintiff should be treated as an outpatient. Neither of these observations or conclusions is contrary to the ALJ's RFC determination. While the social workers' assessment of Plaintiff's GAF score is arguably inconsistent with the ALJ's RFC, the ALJ's decision to afford little weight to such is supported by substantial evidence.

---

[2] The Global Assessment of Functioning (GAF) score refers to the clinician's judgment of the individual's overall level of functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 2000) (hereinafter DSM-IV). A GAF score of 34 indicates that the individual is experiencing "some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood." DSM-IV at 34.

As the Sixth Circuit recognizes, a GAF score "may help an ALJ assess mental RFC, but it is not raw medical data." *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 503 n.7 (6th Cir., Feb. 9, 2006). Accordingly, the ALJ is not required "to put stock in a GAF score in the first place." *Id.* at 511 (citing *Howard v. Commissioner of Social Security*, 276 F.3d 235, 241 (6th Cir. 2002)). Moreover, a GAF score is nothing more than "subjective opinions, representing a snapshot of a person's level of functioning at a given moment in time, not a rating of their ability to work." *Lester v. Commissioner of Social Security*, 2015 WL 869257 at *5 n.2 (W.D. Mich., Feb. 27, 2015). The ALJ recognized this, concluding that the aforementioned GAF score, while "indicative of [Plaintiff's] immediate level of impairment," was "not conclusive regarding her long-term level of impairment" as it conflicted with the social workers' mental status observations and their recommended plan of treatment. (Tr. 86). This evaluation is supported by the record and the aforementioned authority. Accordingly, the ALJ's decision to afford minimal weight to the GAF score in question is supported by substantial evidence.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                          Respectfully submitted,

Date:  April 13, 2015                          /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge