UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERESA EILEEN FRANK,           )<br>         Plaintiff,                           )<br>                                                 )<br>-v-                                             )<br>                                                 )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>         Defendant.                       )<br>_____)  | No. 1:14-cv-501<br><br>HONORABLE PAUL L. MALONEY |

### ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING FINAL DECISION OF THE COMMISSIONER

Plaintiff Theresa Frank filed this complaint seeking a review of the final decision of the Commissioner of Social Security denying her claim for benefits. The magistrate judge reviewed the record and issued a report recommending the Commissioner's decision be affirmed. (ECF No. 16 R&R.) Plaintiff timely filed objections. (ECF No. 17 Objection.) The Commissioner filed a response. (ECF No. 18.)

After being served with a Report and Recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Plaintiff specifically objects to three conclusions contained in the report and recommendation.

**A. Sentence 6 Remand**

As part of her appeal to the Appeals Council, Plaintiff submitted evidence that she did not present to the Administrative Law Judge (ALJ). The Appeals Council considered the new evidence, and found that it did not provide a basis for changing the ALJ's decision. (ECF No. 7-2 AC Dec. 2 Page ID 25.) The magistrate judge found that the evidence could not be considered as part of this lawsuit, citing *Cline v. CSS*, 96 F.3d 146, 148 (6th Cir. 1996). (R&R 6 Page ID 514.) The Court can, however, remand the matter if the plaintiff shows that the evidence is new and material, and that good cause existed for not presenting the evidence in a prior hearing. *Id.* The magistrate judge concluded Plaintiff had not made the required showing. Plaintiff objects.

Plaintiff's objection is OVERRULED. Plaintiff has not established that the evidence presented to the Appeals Council warrants remanding the action. Contrary to her assertion in the objection (Obj. 1 Page ID 523), nowhere in her initial brief in this lawsuit did Plaintiff state or suggest that the reason the records were not presented to the ALJ was because Plaintiff could not afford to pay for those records before the ALJ rendered her decision. In the brief, Plaintiff did argue that the lack of treatment for her ailments could not be considered as evidence contrary to a finding of disability because she could not afford the treatments. (ECF No. 13 Pl. Br. 16 Page ID 483.) But that argument suffers the fallacy known as a red herring. The ALJ did not conclude that Plaintiff's failure to seek recommended treatment or her decision not to complete treatment was evidence that she was not disabled. After an extensive description of Plaintiff's medical history, the ALJ stated that she found "the claimant's record of back pain treatment and mental health impairment spartan." (ECF No. 7-2 ALJ Dec. 85 Page ID 109.) Plaintiff stops here, but the ALJ did not. In the next sentence, the ALJ explained "claimant's record for her back pain can be summarized as a series of

2

checkups by her primary care clinic, with an MRI showing a small herniation and rather mild degenerative disease, managed with hydrocodone and Aleve." (*Id.*) The ALJ's conclusion was that the record of her treatment was "spartan" because the medical evidence indicated there was little to treat, and that her pain was managed with medication. Plaintiff's objection thus does not undermine the sound reasoning in the R&R. For the same reason, Plaintiff's discussion of *Stennett v. CSS*, 476 F.Supp.2d 665, (E.D. Mich. 2007) and SSR 96-7 does not establish any error in the ALJ's decision or in the R&R.

**B. Treating Physician**

The ALJ afforded "little weight" to the Functional Capacity Questionnaire completed by Dr. Chris Zielinski and physician's assistant David Barrey. (ALJ Dec. 85 Page ID 109.) The magistrate judge found no error, as the ALJ articulated reasons for giving the opinions expressed in the questionnaires little weight. Plaintiff objects.

Plaintiff's objection is OVERRULED. The Court has carefully reviewed the ALJ's opinion, in light of the standard outlined in *Geyheart v. CSS*, 710 F.3d 365, 375-76 (6th cir. 2013). The ALJ found that the conclusions in the questionnaires completed by the treating physicians were not well-supported by the medical record or the course of treatment by the physician, which constitute "'good reasons' for discounting the weight given to a treating source opinion." *Id.* at 376 (quoting 20 C.F.R. § 404.1527(c)(2). The Court agrees with the conclusions and recommendations of the magistrate judge.

**C. Social Workers**

The ALJ stated that the post-hearing opinions of the social workers were not medically accepted sources. (ALJ Dec. 85 Page ID 109.) Nevertheless, she found their observations

"noteworthy." (*Id.* 86 Page ID 110.)  The ALJ assigned little weight to the long-term implications of Plaintiff's global assessment of functioning (GAF) score. (*Id.*)  The magistrate judge found no error in this portion of the ALJ's decision.  Plaintiff objects.

Plaintiff's objection is OVERRULED.  Plaintiff mischaracterizes the ALJ's decision.  Plaintiff states that the ALJ "dismissed their findings as having little weight because they were produced by social workers and thus were not acceptable medical sources." (Obj. 3 Page ID 525.)  The ALJ did no such thing.  The ALJ considered the opinions of the social workers.  He found that their observations and recommended course of action was generally consistent with Plaintiff's record of treatment.  The ALJ only discounted the long-term implication of the GAF score.  Plaintiff's objection rests largely on the fact that social workers can be a valid "other source."  An observation that does not affect the ALJ's decision or the reasoning in the R&R.

The Court has conducted a de novo review on the specific issues raised in Plaintiff's objections.  The Court finds no error in either the ALJ's decision or the R&R.  Therefore, the Report and Recommendation (ECF No. 16) is **ADOPTED** as the opinion of this Court, and the final decision of the Commissioner is **AFFIRMED.  IT IS SO ORDERED.**

Date:   April 30, 2015                             /s/ Paul L. Maloney
                                                                                         Paul L. Maloney
                                                                                         Chief United States District Judge